UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT PATRICK CAMERON,

        Plaintiff,                       No. 20-10119

v.                                     Honorable Nancy G. Edmunds
                                         Magistrate Judge David R. Grand

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [13] TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [10], TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT [11], AND REMANDING MATTER FOR FURTHER PROCEEDINGS**

Plaintiff Scott Patrick Cameron seeks review of Administrative Law Judge Paul Sher's (ALJ's) denial of disability insurance benefits. The matter is presently before the Court on Magistrate Judge David R. Grand's Report and Recommendation in which he recommends granting the Motion for Summary Judgment filed by Cameron (ECF No. 10), denying the Motion for Summary Judgement filed by Defendant Commissioner of Social Security ("Commissioner") (ECF No. 11), and remanding this matter for further proceedings pursuant to sentence four of 42 U.S.C. §405(g). The Commissioner has timely filed three objections to the Report and Recommendation to which Cameron did not respond. (ECF No. 15.) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which valid objections have been filed, the Court OVERRULES the Commissioner's objections and ACCEPTS and ADOPTS the Report and Recommendation. The Court therefore GRANTS Cameron's Motion for Summary

Judgment, DENIES the Commissioner's Motion for Summary Judgment, and REMANDS this case to the Appeals Council with a recommendation that a different administrative law judge be assigned to handle further proceedings.[1]

I.  **Background**

   A.  **Cameron's History**

Cameron is a college graduate with a degree in business administration who worked for his family manufacturing business prior to being injured. In or around April 2008, at the age of 30, Cameron injured his back while bending a drainpipe at work. He testified that he continued to work for about a year-and-a-half after his injury, but he would come home from work in excruciating pain and be bedridden the rest of the day. In 2010, he underwent invasive spinal fusion surgery at L5-S1, but this did nothing to alleviate his symptoms and may have made his pain worse. He states that he didn't "realize what real pain is" until he woke up from his first fusion surgery. (Tr. 64.) He was prescribed pain medications that he claimed made him nauseous and caused vomiting multiple times per day. In 2013, he opted for a second fusion surgery at L4-L5 in order in an attempt "to find a way to be pain free and return to work." (Tr. 604.) During the second surgery, Cameron's three-year old hardware was removed and replaced in an extremely invasive procedure. This may have caused some improvement, but record evidence indicates Cameron

---

[1] Cameron requests that the case be assigned to a different ALJ upon remand. (ECF No. 10, PageID.1104.) The decision to assign a case to a specific ALJ is generally made by the Appeals Council. *See Travis v. Sullivan*, 985 F.2d 919, 923-24 (7th Cir. 1993). Nevertheless, the Court notes that ALJ Sher has been given the opportunity to consider Cameron's case twice across more than three years. Because ALJ Sher failed to conduct a proper analysis after both the initial administrative hearing and the hearing upon remand from the AC, Cameron's case remains in the same position as it was in July of 2017. Although review of the record suggests the ALJ's errors stemmed from mere oversight, as opposed to some form of bias or partiality, the Court recommends assigning this case to a different adjudicator upon remand so as to avoid a further waste of valuable judicial and administrative resources.

continued to have trouble with his back at times sending him to the emergency room with severe lower back pain. (*See* Tr. 627.)

Voluminous medical records in the transcript show Cameron sought treatment from multiple medical providers for imaging studies and pain management, among other things. One such treatment provider, Dr. Schechet, began treating Cameron in October 2012. Throughout the next several years, Cameron regularly visited Dr. Schechet, who monitored Cameron's symptoms and pain levels, performed various tests, provided injections for pain management, and prescribed pain medications. On November 4, 2015, Dr. Schechet's examination notes indicated he was aware Plaintiff was applying for Social Security disability benefits. The next day, he wrote the following letter, addressed to Cameron, in support of Cameron's application:

> I am writing this letter on behalf of your disability application. I support total disability.
>
> I saw you initially in October 2012. At that time, you presented with severe low back pain and lower extremity pain. You had had prior surgery with Dr. Fischgrund including an instrumented fusion at L5-S1.  Since then I have been seeing you on a regular basis for both medication and injection management of your pain. Although I think we have helped you to some extent, you have been in severe pain throughout the entire time I have been seeing you. Ultimately, you had to undergo a second lumbar instrumented fusion at L4-L5.  Although this helped you somewhat, you are still on chronic pain medication including opiates. Due to your severe pain, you are unable to maintain any position other than recumbent or sitting with your feet up on a chair or ottoman. You are unable to reach or bend or stoop except on a very limited basis.  Due to chronic opiates and other medication, you are unable to concentrate fully and it has clouded your mental processes to an extent. I don't think there is a whole lot more I can do for your pain at this point and a third surgical procedure does not seem to be an option although I leave that up to you and your spine surgeons.

> I recommend total disability for Mr. Cameron. If anyone who is reading this letter needs to speak with me, please do not hesitate to call.

(Tr. 772.)

### B. Procedural History

The Magistrate Judge accurately and succinctly explained the procedural history of this case as follows:

Cameron first applied for benefits on October 16, 2015. (Tr. 103). That application was denied. (*Id.*) ALJ Paul Sher held an administrative hearing on July 17, 2017. (*Id.*) Cameron, who was represented by attorney Michael Korby, testified at the hearing, as did Vocational Expert ("VE") Mary Everts. (*Id.*) On November 1, 2017, ALJ Sher issued a written decision finding Cameron disabled, but only for the period from February 1, 2010 through July 15, 2013. (Tr. 103). Cameron appealed, and the Office of Disability Operations protested the decision on its own motion, but for a very different reason than the one Cameron advanced. (Tr. 121-123). Whereas Cameron challenged the ALJ's determination that his condition improved after July 15, 2013, the Office of Disability Operations argued that under 20 C.F.R. § 404.131(b), Cameron was "not entitled to disability insurance benefits because his disability ended on July 16, 2013, more than 17 months before he filed his application on October 16, 2015." (Tr. 121-22, 432-36).

The Appeals Council found merit in both arguments. First, the Appeals Council noted that if it simply accepted the ALJ's decision as written, Cameron would not be entitled to benefits:

> To become entitled to disability insurance benefits, the claimant must have disability insured status in the first full month that he is disabled, or if later, on the 17th month (if there is a required waiting period as described in 404.315(d)) before the month in

> which he files an application for disability insurance benefits; or the 12th month (if he does not have to serve a waiting period) before the month in which he files an application for disability 3 insurance benefits (20 C.F.R. 404.131(b)). Under these rules, the claimant would not be entitled to disability insurance benefits because his disability ended on July 16, 2013, more than 17 months before he filed his application on October 16, 2015. Thus, as written, even with the finding of a closed period of disability from February 1, 2010 to July 15, 2013, the hearing decision would not result in any entitlement to Title II benefits for the claimant.

(Tr. 121-22) (emphasis added).

But, far from determining that Cameron was not entitled to an award of benefits, the Appeals Council vacated the ALJ's decision and remanded the case, explaining that the ALJ's findings of Cameron's purported medical improvement were "undermined" by the record:

> Worsening pain levels were documented in 2015 and 2016 [ ], and in February 2017, [Cameron] returned to his orthopedist reporting pain, eventually leading to a diagnosis of failed back syndrome [ ]. Thus, the record documents improvement then worsening of [Cameron's] back impairments during the period adjudicated by the Administrative Law Judge, which undermines the medical improvement findings during the period on and after July 16, 2013. Further consideration of whether [Cameron's] disability ended or continues after July 16, 2013, and whether he became disabled again during a period covered by his October 2015 application is necessary.

(Tr. 122).

The Appeals Council thus remanded the case back to ALJ Sher, who held another hearing on August 6, 2019. (Tr. 44-80). Cameron, who was again represented by attorney Michael Korby, testified, as did VE Amy Foster. (*Id.*) On September 4, 2019, ALJ Sher issued a second written decision. (Tr. 14-31). However, this time, ALJ Sher wrote that, "upon further consideration of the entire record . . . [Cameron] was not disabled *at any*

5

*time* from the alleged disability onset date through the date last insured . . ." (Tr. 29) (emphasis added). Thus, instead of considering, at least in any meaningful detail, the issues and evidence highlighted by the Appeals Council, the ALJ wrote that "any further statements from medical sources issued after the date last insured" and any "additional records dated from 2016 through 2018" "would be a moot point" and/or "of limited probative value." (Tr. 28). On November 15, 2019, the Appeals Council denied review. (Tr. 1-3). Cameron timely filed for judicial review on January 16, 2020. (ECF No. 1.) (*See* ECF No. 13, PageID1128-1130.)

    **C.**    **Report and Recommendation**

Both Cameron and the Commissioner filed motions for summary judgment (ECF Nos. 10, 11) and the Magistrate Judge issued his Report and Recommendation (ECF No. 13) on December 23, 2020. In his report, the Magistrate Judge found the ALJ's conclusion regarding Cameron's RFC to perform sedentary work with certain limitations[2] was not supported by substantial evidence. More specifically, the Magistrate found the ALJ erred by giving "little weight" to the opinion of Dr. Schechet by (1) not fairly weighing the substantial evidence in the record that appears to support Dr. Schechet's opinion; (2) discounting Dr. Schechet's opinion because his letter in support of Cameron's claim was drafted after the date Cameron was last insured; (3) discounting Dr. Schechet's opinion because it "appear[ed] to have been based upon [Cameron's] own report of his symptoms and limitations"; and (4) discounting Dr. Schechet's opinion based on his finding that

---

[2] The ALJ assessed Cameron's RFC and concluded: "[T]he claimant had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 414.1567(a), except:  occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; occasionally balance and stoop, never kneel, crouch or crawl.  Avoid concentrated exposure to vibration, avoid concentrated exposure to fumes, odors, dusts, etc., avoid all exposure to hazards; can alternate between sitting and standing at will so long as not more than 15% off task." (Tr. 21).

6

Cameron reported "his pain was generally only a 2 or 3 out of 10 following his second surgery" and because Cameron had reported to his surgeon that he was "doing well" following the second surgery. (*See generally* ECF No. 13, PageID.1136-1141.)

The Magistrate Judge also found "the ALJ's dubious discounting of Dr. Schechet's opinion" to be erroneous because the ALJ's reversal of course – finding that even up to July 15, 2013, Cameron was not disabled – impacted the balance of his analysis including the portions of the record that the Appeals Council had instructed him to consider. (*Id.* citing Tr. 122.) In determining Plaintiff was never disabled, the Magistrate Judge found that the ALJ's decision

> minimizes the fact that Cameron was injured while working, that he underwent two significant invasive back surgeries over a three-year period (the second one for the express purpose of Cameron trying to 'return to work' (Tr. 604)), and that throughout the entire period before the Court, he was constantly seeking treatment for his back pain, which continued to worsen until he was ultimately diagnosed with failed back syndrome.

(ECF No. 13, PageID.1142.)

Finally, the Magistrate found the ALJ's decision to credit the opinion of Dr. Venema (the state agency medical consultant) over Dr. Schechet was not supported by substantial evidence. The ALJ wrote that he was affording Dr. Venema's opinion significant weight because "[i]t is consistent with the ability to perform a range of sedentary work, reduced by postural and environmental limitations, and the option to sit or stand while working." (ECF No. 13, PageID.1143.) (citing Tr. 28). According to the Report and Recommendation, this reasoning is "circular logic which does nothing more than beg the question of whether either the opinion or the RFC accurately reflect Cameron's ability to perform full-time work on an ongoing basis during the relevant time periods." *Id.*

## II.     Standard of Review

### A.     *De Novo* Review of Objections

Upon receipt of a section 636(b)(1)(C) report and recommendation from the magistrate judge, a district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1). Thereafter, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* See also Fed. R. Civ. P. 72(b)(3).

### B.     Judicial Review of the Commissioner's Final Decision

"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . brought in the district court of the United States." 42 U.S.C. § 405(g). Judicial review of the Commissioner's final decision is limited in scope to determining whether the decision is supported by substantial evidence and whether the Commissioner failed to apply the correct legal standard. 42 U.S.C. § 405(g); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The reviewing court "[does] not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficient evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). And although "the threshold for such evidentiary sufficiency is not high," substantial evidence is "more than a mere scintilla." *Id.* Moreover, "a substantiality of evidence evaluation does not permit a

selective reading of the record." *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 641 (6th Cir. 2013). "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Id.* citing *Garner*, 745 F.2d at 388. A reviewing court "may not focus and base [its] decision entirely on a single piece of evidence, and disregard other pertinent evidence." *Id.* But, where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). *See also* 42 U.S.C. § 405(g).

### III. Analysis

#### A. The Commissioner's First Objection

The Commissioner first claims the Magistrate Judge erred in finding the ALJ improperly discounted Dr. Schechet's opinion because, he argues, substantial evidence supports the ALJ's factual finding that Dr. Schechet based his opinion on Plaintiff's own report of his symptoms and limitations. (ECF No. 15, PageID.1151-52.) In support of its argument, the Commissioner points to the ALJ's reliance on a treatment note dated the day before Dr. Schechet's opinion. The note reads, in relevant part:

> [Cameron] is applying for Social Security disability. I dictated a letter in support. **He says** most of the day he has to spend either lying in bed or with his feet up and sitting. He cannot stand or sit for any length of time in 1 position. **He says** he is forgetful due to medication.

(ECF No. 8-15, PageID.829) (emphasis added); (*See also* ECF No. 8-2, PageID.69.) "Because Dr. Schechet did not otherwise support his opinion," the Commissioner argues,

9

"the ALJ reasonably found that it appeared to be based on Plaintiff's subjective complaints." (ECF No. 15, PageID.1152.)

It is well established that "[t]he opinion of a treating physician is afforded controlling weight if it is consistent with the evidence and supported by sufficient clinical findings." *Tate v. Comm'r of Soc. Sec.*, 467 F. App'x 431, 433 (6th Cir. 2012). But the Sixth Circuit has upheld an ALJ's decision to discount the opinion of a treating physician where his assessment appeared to be based on a claimant's subjective complaints without sufficient support from objective clinical findings. *See id*. The Commissioner argues that substantial evidence supports the ALJ's factual finding that Dr. Schechet based his opinion on Cameron's own report of his symptoms and limitations, but in so doing the Commissioner misses the crux of the Magistrate Judge's report. As the Magistrate Judge noted, regardless of whether a portion of Dr. Schechet's opinion repeated Cameron's subjective report of his symptoms, the ALJ was still required to meaningfully weigh the objective record evidence that both supported and detracted from Dr. Schechet's opinion before deciding to give the opinion little weight. "If the ALJ declines to give a treating source's opinion controlling weight, [the ALJ] must then balance the following factors to determine what weight to give it: 'the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source.' " *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)); *see also*, *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010) ("Even when inconsistent with other evidence, a treating source's medical opinions remain

entitled to deference and must be weighed using the factors provided in 20 C.F.R. §§ 404.1527 and 416.927.").

In this case, the record shows Cameron reported some of his symptoms to Dr. Schechet the day before the doctor provided his recommendation. But the symptoms Cameron reported were those that Dr. Schechet would have been unaware of as they refer to Cameron's home life and mental state. Moreover, the ALJ failed to take into consideration the portions of Dr. Schechet's letter that were based upon his personal knowledge and longstanding treatment relationship with Cameron as well as the plethora of objective evidence supporting Dr. Schechet's conclusion.[3] The ALJ's decision to discount Dr. Schechet's opinion was therefore not supported by substantial evidence. *See Brooks*, 531 F. App'x at 641 ("Substantiality of the evidence must be based upon the record taken as a whole . . . [it] must take into account whatever in the record fairly detracts from its weight.").

The Commissioner also argues the Magistrate Judge improperly substituted his judgment for that of the ALJ by failing to recognize that the ALJ did consider the treating relationship but placed more importance on the lack of objective support for Dr. Schechet's opinion. This Court disagrees. As discussed above, the ALJ did not analyze the objective evidence supporting Dr. Schechet's opinion in making the decision to give the opinion little weight. Further, the Magistrate Judge noted that he "has no quarrel with the ALJ not crediting Dr. Schechet's ultimate recommendation of 'total disability' for Cameron," but that

---

[3] *See, e.g.*, Tr. 627 (detailing Cameron's visit to the emergency room for severe back pain on May 2, 2013); Tr. 701 (noting that Dr. Schechet cancelled Cameron's prescription for regular strength Vicodin and prescribed Vicodin extra strength on June 18, 2013).

the "ALJ still must fairly weigh that doctor's treatment and examination notes and other record evidence in arriving at the claimant's RFC." (ECF No. 13, PageID.1137.)

For these reasons, this Court agrees with the Magistrate Judge's conclusion that the ALJ's decision to discount Dr. Schechet's opinion was not based on substantial evidence. Thus, the Commissioner's first objection is OVERRULED.

### B. The Commissioner's Second Objection

The Commissioner's second objection also refers to the ALJ's decision to give Dr. Schechet's opinion little weight. He asserts that substantial evidence supports the ALJ's factual finding that Dr. Schechet's opinion was not consistent with Plaintiff's statements to his doctors and that was a good reason to give the opinion little weight. The Commissioner is referring to the portion of the ALJ's opinion that provides: "[Dr. Schechet's] opinion is inconsistent with the claimant's statements to Dr. Schechet that his pain was generally only 2 or 3 on a scale of 10 following his second surgery (11F/17-21), and his statements to his surgeon that he was doing well (10F/20, 22, 23)." (ECF No. 8-2, PageID.68-69.)

As with its first objection, the Commissioner misunderstands this portion of the Magistrate Judge's report. Rather than providing a meaningful analysis of the record evidence that both supported and detracted from the credibility of Dr. Schechet's opinion, the ALJ erroneously focused only on select portions of the record. *See Brooks*, 531 F. App'x at 641 ("[A] substantiality of evidence evaluation does not permit a selective reading of the record."). The ALJ neglected to weigh the above evidence against evidence in the record that suggests Cameron was disabled even after this second surgery. For example, the ALJ should have at least considered Cameron's hearing testimony that he rates his pain conservatively when asked to assign a number value to his pain level (ECF No. 8-3,

Page ID. 105-06), or his testimony that his statements to his surgeon were taken out of context (*Id.* at PageID.114.). Indeed, and as the Magistrate Judge noted, the ALJ did not even consider the appointment notes from the visit where Cameron's surgeon reported that Cameron was "doing well" – notes that stated Cameron was experiencing "extreme" pain when lying on his stomach and that his "right leg gets worse with activity, bottom foot pain gets worse with activity, lower back pain gets worse with activity, [and he had] muscle spasms mostly [in his] right leg." (ECF No. 13, PageID.1140.) Without this analysis, and for the reasons stated above, the ALJ's decision to discount Dr. Schechet's opinion was not based on substantial evidence. The Commissioner's second objection is therefore OVERRULED.

## C.  The Commissioner's Third Objection

Finally, the Commissioner objects to the Magistrate Judge's finding that the ALJ's decision to credit the opinion of Dr. Venema (the state agency medical consultant) over Dr. Schechet was not supported by substantial evidence. In discussing Dr. Venema's findings,[4] the ALJ stated:

> This opinion has been given significant weight. It is consistent with the ability to perform a range of sedentary work, reduced by postural and environmental limitations, and the option to sit or stand while working. The evidence does not show the claimant is so limited in stooping, as discussed above, and there are no objective findings such as sensory loss or electrodiagnostic testing in the record to support a limitation on using foot controls. Otherwise, the restrictions described by the state agency medical consultant have been incorporated in the assessed residual functional capacity.

---

[4] According to the ALJ, Dr. Venema concluded Cameron "was able to life 20 pounds occasionally and 10 pounds frequently; stand and walk slightly less than two hours in an eight-hour day; sit about six hours in an eight-hour day; occasionally use foot controls, bilaterally; occasionally climb ramps and stairs; occasionally balance; rarely stoop; never climb ladders, ropes and scaffolds, kneel, crouch or crawl; must avoid concentrated exposure to vibration and respiratory irritants; and must avoid all exposure to hazards (1A)." (ECF No. 8-2, PageID.69.)

13

(ECF No. 8-2, PageID.69.) The ALJ's analysis above once again fails to identify the specific evidence in the record that supports and detracts from this opinion. Accordingly, this Court agrees with the Magistrate Judge that this reasoning is "circular logic which does nothing more than beg the question of whether either the opinion or the RFC accurately reflect Cameron's ability to perform full-time work on an ongoing basis during the relevant time periods." *Id.* The lengthy transcript and voluminous medical records contain significant evidence supporting total disability. Like the Magistrate Judge, this Court "recognizes that 'the determination as to whether the claimant is disabled is reserved for the Commissioner," but this does not change the requirement that the ALJ conduct a proper analysis of the record evidence. (ECF No. 13, PageID.1137) (citing 20 C.F.R. § 416.927(d)). Thus, the Court agrees with the Magistrate Judge and finds the ALJ's handing of Dr. Venema's opinion is not supported by substantial evidence. The Commissioner's third objection is therefore OVERRULED.

## IV.  Conclusion

As the Magistrate Judge noted, "[m]eaningful review of the record evidence means analyzing it in context, not in a vacuum. Without a more even weighing of the matters addressed herein, and how they bear on Cameron's ability to have performed sustained full-time work during the specific time periods in question, the Court cannot say that the ALJ's decision is supported by substantial evidence." (ECF No. 13, PageID1142.) For this and the foregoing reasons, the Court OVERRULES the Commissioner's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation.  The Court therefore GRANTS Cameron's Motion for Summary Judgment, DENIES the

Commissioner's Motion for Summary Judgment, and REMANDS this case to the Appeals Council pursuant to sentence four of 42 U.S.C. §405(g).

    SO ORDERED.

                                      s/Nancy G. Edmunds
                                      Nancy G. Edmunds
                                      United States District Judge

Dated: March 30, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2021, by electronic and/or ordinary mail.

                                      s/Lisa Bartlett
                                      Case Manager