## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

SCOTT PATRICK CAMERON,

                Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

Civil Action No. 20-10119

Nancy G. Edmunds
United States District Judge

David R. Grand
United States Magistrate Judge

## AMENDED REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (ECF No. 18)

### Background

Plaintiff Scott Patrick Cameron ("Cameron") brought this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits under the Social Security Act (the "Act"). On March 30, 2021, a judgment was entered in Cameron's favor under Sentence Four of the Act, 42 U.S.C. § 405(g). (ECF No. 17.)

Presently before the Court for a Report and Recommendation is Cameron's motion for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA"). (ECF No. 18.) Cameron seeks to recover attorney fees of $5,691.75 and expenses of $17.25, totalling $5,709.00. (*Id.*) He also seeks to recover the $400.00 filing fee he paid when he commenced this action. (*Id.*) The Commissioner filed a response, stating that he does not oppose the relief requested. (ECF No. 19). The Commissioner

asserts, however, that the $5,709.00 for attorney's fees and expenses should be paid by the Social Security Administration, while the $400 attributable to the filing fee should be paid from the Department of Treasury Judgment Fund.  (*Id.*)  Cameron did not file a reply.

**Discussion**

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action … including proceedings for judicial review of agency action, brought by or against the United States … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A).

Thus, three conditions must be met to recover attorney's fees under the EAJA:  (1) the claimant must be the prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees.  *Id.*; *see also Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006).  Further, the amount of EAJA fees must be reasonable.  *Glass v. Sec. of HHS*, 822 F.2d 19, 21 (6th Cir. 1987).

Here, there is no dispute that Cameron was the prevailing party in the underlying action, as a judgment was entered in his favor under Sentence Four of the Act.  *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1992).  Further, Defendant does not argue that either the "substantially justified" exception or the "special circumstances" exception applies. Moreover, Cameron has produced appropriate evidence to demonstrate that his fees and expenses totalling $5,709.00 are reasonable, and as noted above, Defendant does not argue

otherwise.  (ECF No. 18-2-6.)  It is also undisputed that Cameron paid the $400.00 filing fee in this case.  (ECF No. 1.)  Thus, Cameron satisfies all of the EAJA's requirements for the Court to grant his instant motion for attorney's fees.

The only issue is the Commissioner's request that the Court direct that the $5,709.00 for attorney's fees and expenses be paid by the Social Security Administration, while the $400 attributable to the filing fee be paid from the Department of Treasury Judgment Fund. The Court should reject that request and simply enter an order granting Cameron's motion and awarding Cameron attorney's fees in the amount of $5,691.75, expenses in the amount of $17.25, and costs in the amount of $400.[1]  As explained in a recent decision issued out of the Western District of Michigan on this exact issue:

> Defendant requests that the Court specifically order that the portion of this award representing attorney fees be paid by the Social Security Administration and the portion representing filing fees be paid from the Department of the Treasury's Judgment Fund.  As courts have recognized, however, it is not appropriate for the Court to direct the fund or account from which these amounts are to be paid.  *See Miller* [*v. Comm'r of Soc. Sec.*, 2013 WL 3283694 at *2 (W.D. Mich., June 28, 2013)].   Defendant's request concerns "a matter of internal government accounting" involving an agency not presently before the Court.  *Ibid.*  Likewise, the Commissioner has presented no evidence or authority authorizing this Court to order the Department of the Treasury to make the requested payment.   In sum, how the Commissioner elects to satisfy the amounts in question "is up to [him]."  *Ibid.*

*Harrington v. Comm'r of Soc. Sec.*, No. 1:19-CV-401, 2020 WL 8224963, at *1–2 (W.D.

---

[1] The Court had previously recommended directing the Commissioner to pay the "sum total" of $6,109.00.  (ECF No. 21, PageID.1209-10).  However, Cameron objected to that, indicating that unless the amounts are broken down between attorney's fees, expenses, and costs, he may not receive "reimbursement of the filing fee."  (ECF No. 22, PageID.1213).

Mich. Dec. 28, 2020), report and recommendation adopted, No. 1:19-CV-401, 2021 WL 199692 (W.D. Mich. Jan. 20, 2021).  *See also, Lang v. Comm'r of Soc. Sec.*, No. 1:15-CV-1080, 2016 WL 4573874, at *2 (W.D. Mich. Aug. 8, 2016), report and recommendation adopted, No. 1:15-CV-1080, 2016 WL 4541993 (W.D. Mich. Aug. 31, 2016).

Finally, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), the order awarding EAJA fees generally must be entered in favor of the named plaintiff, not his attorney.  *Ratliff*, 560 U.S. at 599 ("The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract.") (Sotomayor, J. concurring); *Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 934-35 (6th Cir. 2017) (reaffirming that Astrue requires EAJA fees to be paid to the claimant). Here, however, Cameron has signed a waiver of his right to direct receipt of the EAJA award, and has asked that the payment be made directly to his attorney, Howard D. Olinsky. (ECF No. 18-7.)  The Commissioner concurs, provided that it determines Cameron owes no debt subject to offset under the Treasury Offset Program.  (ECF No. 19.)

## Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that Cameron's instant motion for attorney's fees pursuant to the EAJA **(ECF No. 18)** be **GRANTED**.  Cameron should be awarded the following amounts pursuant to the EAJA (subject to any offset under the Treasury Offset Program for a debt owed by Cameron):

1. Attorney's fees in the amount of $5,691.75;

2. Expenses in the amount of $17.25; and

4

3. Costs in the amount of $400.

Said amounts should be paid directly to Cameron's attorney, Howard D. Olinsky.


Dated: August 18, 2021                          s/David R. Grand
Ann Arbor, Michigan                             David R. Grand
                                                United States Magistrate Judge



## NOTICE

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 18, 2021.

                                                s/Eddrey O. Butts
                                                EDDREY O. BUTTS
                                                Case Manager