UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT PATRICK CAMERON,

        Plaintiff,                  No. 20-10119

v.                                    Honorable Nancy G. Edmunds

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

This social security case was filed on January 16, 2020 and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) on March 30, 2021. Before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b)(1)(A). (ECF No. 26.) Plaintiff's attorney ("Petitioner") seeks $8,098 in attorney fees pursuant to § 406(b). In support of his motion, Petitioner attaches the contingency fee agreement between himself and Plaintiff, an "Affirmation in Support" signed by Petitioner, timesheets, and a letter labeled "Important Information" received by Petitioner from the Social Security Administration on October 27, 2022. The Acting Commissioner ("Commissioner") has no objection to the attorney fees requested, but notes in her response that she cannot stipulate to an award of fees pursuant to § 406(b). (ECF No. 28.) This motion will be handled without a hearing pursuant to Eastern District of Michigan Local Rule 7.1(h).

In social security cases that proceed to federal court, where the court renders a judgment favorable to the claimant, the Social Security Act provides that the court may

1

determine and allow a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled because of such judgment. 42 U.S.C. § 406(b)(1)(A). Prevailing counsel bears the burden of showing that the fee sought is reasonable for the services rendered, but there is a rebuttable presumption that a contingency-fee agreement is reasonable if it falls within the "ceiling" established by the 25% cap, and the "floor," or the "hypothetical hourly rate that is twice the standard rate" for such work in the relevant market. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1991); *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). An award that falls within this range should only be reduced if there is evidence of ineffectiveness or if an attorney would receive an unwarranted windfall. *Lasley*, 771 F.3d at 309.

Here, Petitioner requests $8,098 in attorney's fees as that amount has been identified by the Social Security Administration as 25-percent of Plaintiff's past-due benefits. (ECF No. 26-3, PageID.1235.) Petitioner spent 26.7 hours on Plaintiff's case and his paralegal logged 6.9 hours. (ECF Nos. 26-4, 26-5, 26-6.) If paralegal time was billed at $80 per hour— considered a reasonable rate for paralegal work by other courts in this district[1]— $552 of the requested award would go towards paralegal work leaving $7,546 to cover attorney time spent on the matter. The effective hourly rate for Petitioner would then be calculated as $282.62 ($7,546 divided by 26.7 hours). No evidence has

---

[1] *See Kuehn v. Comm'r of Soc. Sec.*, No. CV 18-10369, 2019 WL 1197699, at *1 (E.D. Mich. Feb. 25, 2019), *report and recommendation adopted*, No. 18-10369, 2019 WL 1170352 (E.D. Mich. Mar. 13, 2019); *Murray v. Comm'r of Soc. Sec.*, No. 17-12586, 2018 WL 2440355, at *1 (E.D. Mich. May 31, 2018); *Gross v. Comm'r of Soc. Sec.*, No. 16-10365, 2018 WL 1312401, at *6 (E.D. Mich. Mar. 14, 2018).

2

been identified that would suggest Petitioner was ineffective and the $282.62 per hour rate falls within the range of acceptable rates applied by other courts in this circuit. *See Pasiak v. Commissioner of Social Security*, No. 17-11401, 2021 WL 3087984, at *6 (E.D. Mich. July 22, 2021) (noting that courts in this circuit have applied standard rates between $165 and $500). Thus, the $8,098 Petitioner requests is reasonable and his motion is **GRANTED** on the condition that he surrender the smaller Equal Access to Justice Act ("EAJA") award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). [2]

    **SO ORDERED.**

                                                  s/Nancy G. Edmunds
                                                  Nancy G. Edmunds
                                                  United States District Judge

Dated: January 12, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 12, 2023, by electronic and/or ordinary mail.

    s/Lisa Bartlett
    Case Manager

---

[2] Unlike fees paid under the EAJA, which are paid out of the Agency's funds as a penalty to the Commissioner, fees paid under 42 U.S.C. § 406(b) are paid from the claimant's past-due benefits. *See Orner v. Shalala*, 30 F.3d 1307, 1309 (10th Cir. 1994). Pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002), a fee award may be made pursuant to both § 406 of the Act and the EAJA, however, a claimant's attorney must surrender the smaller of the two awards to the claimant. Petitioner was awarded $5,691.75 in attorney's fees pursuant to the EAJA on December 7, 2021. (ECF No. 25.) Thus, he must surrender this smaller award to Plaintiff upon receipt of the $8,098 award made pursuant to § 406.